

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,802-01

### EX PARTE HERMAN BRIAN HEARN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 6636-A IN THE 39TH DISTRICT COURT
### FROM HASKELL COUNTY

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to escape in exchange for fifteen years' imprisonment, to run consecutively with a fifteen-year sentence in a theft case to which he pleaded guilty on the same date. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that his trial counsel was ineffective for failing to investigate Applicant's history of mental illness and request a competency evaluation or hearing,

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

failing to advise Applicant of the elements that would have to be proven at trial, advising Applicant to accept the plea agreement or face a much higher sentence if convicted at trial, and advising Applicant that his sentence in this case must, "by state law," run consecutively with any other sentence imposed on him. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether he was aware of Applicant's history of mental illness, and if so, whether he saw any indication that Applicant might not be competent to enter a plea. Trial counsel shall state whether he advised Applicant of the elements that would have to be proven at trial, and whether the evidence showed that Applicant committed the offense of escape, as opposed to attempted escape. Trial counsel shall state what advice, if any, he gave Applicant with regard to pleading guilty or going to trial on the charges. Trial counsel shall state what the basis for his assertion, in a letter to Applicant dated March 7, 2013, that any sentence for the escape charge would be required "by state law" to run consecutively with any other sentence imposed was. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged

deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 28, 2021
Do not publish